PER CURIAM.
Joseph B. Dawes appeals the summary denial of his “Motion to Clarify Sentence Pursuant to Fla. R.Crim. P. 3.800-A.” In the motion, it is asserted that credit for time served has not been awarded due to improper forfeiture of gain time. See Lynce v. Mathis, — U.S. -, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). At the time the motion was filed and the court entered its order, there was pending before this court the appeal of the denial of a previously filed motion for postconviction relief in which Dawes *651 raised the same issue. The trial court was without jurisdiction to entertain the motion which is the subject of this appeal and the motion should have been dismissed.
This court notes that a petition for writ of habeas corpus is currently pending before the Florida Supreme Court (Dawes v. Singletary, No. 88,389) in which. Dawes has presented the same arguments concerning the improper forfeiture of gain time. On January 24, 1997, the supreme court entered an order requiring the Department of Corrections to show cause why Dawes was not entitled to the relief requested in his petition. The Department responded to the petition on its merits on March 12, 1997. The supreme court has not ruled on this petition as of the date of this opinion. The decision of the supreme court should provide Dawes with any relief to which he is entitled.
Accordingly, it is ordered that the trial court’s order denying the motion to clarify sentence is reversed and this matter is remanded for the trial court to enter an order dismissing the motion.
Reversed and remanded.
SCHOONOVER, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.